Brian D. Lee
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 402
Morristown, New Jersey 07960
(973) 656-1600
brian.lee@odnss.com

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------

| | |
|---|---|
| EDWARD McCARTHY, : | Hon. _____ |
| : | Case No. _____ |
| Plaintiff, : | |
| : | *Civil Action* |
| v. : | |
| : | **NOTICE OF REMOVAL** |
| TYCO INTERNATIONAL, LTD.; TYCO : | |
| INTERNATIONAL, (US) INC.; : | |
| SIMPLEXGRINNELL, L.P.; JOHN DOES : | |
| 1-10 (fictitious names); and ABC CORPS 1- : | |
| 5 (fictitious entities), jointly and severally, : | |
| · : | |
| Defendants. : | |

------------------------------------------------------

**TO:   CHIEF JUDGE AND JUDGES OF**
**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**


**ON NOTICE TO:**

Kimberly A. Bacen, Esq.
BELL & HASSING
150 Mineral Springs Drive
P.O. Box 220
Rockaway, New Jersey 07866
Attorneys for Plaintiff Edward McCarthy

Clerk
Superior Court of the State of New Jersey
Morris County
Washington & Court Sts.
Morristown, New Jersey 07963

Theodore J. Fetter, Acting Clerk
Superior Court of New Jersey
Hughes Justice Complex
CN-971
Trenton, New Jersey 08625

**HONORABLE JUDGES:**

Defendants Tyco International Ltd., Tyco International, (US), Inc., and SimplexGrinnell, L.P. (collectively, "Defendants") notice the removal of this action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 to the United States District Court for the District of New Jersey, and as grounds therefore show as follows:

<u>**TIMELINESS OF REMOVAL**</u>

1.    On or about August 19, 2008, plaintiff Edward McCarthy ("plaintiff") filed a civil action against SMI in the Superior Court of New Jersey, Morris County, entitled *Edward McCarthy v. Tyco International, Ltd., et al*, Docket No. MOR-L-2497-08 ("plaintiff's state court action"). *See* Exhibit A attached hereto.

2.    Defendant Tyco International (US) Inc. first received notice of plaintiff's state court action on August 20, 2008 when Plaintiff's counsel sent it a copy of the Complaint, which is attached hereto as Exhibit A.

3.    Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after the first notice of plaintiff's state court action to any defendant. Defendants do not concede that they have been properly served with the Complaint, and do not waive any defenses as to insufficiency of service of process.

**BASIS FOR REMOVAL**

4.    This cause is a civil action within the meaning of the Acts of Congress relating to removal of causes.

5.    This action is properly removable under 28 U.S.C. §1441 and 28 U.S.C. §1446 because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides: "The district courts shall have original jurisdiction of all civil actions arising where the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between (1) citizens of different states."

**Complete Diversity of Citizenship**

6.    According to the Complaint, plaintiff is a citizen of the State of New Jersey, and resides at 246 Drake Lane, Ledgewood, New Jersey.  *See* Exhibit A.

7.    According to the Complaint, defendant SimplexGrinnell, LP was plaintiff's employer.  *See* Exhibit A.

8.    SimplexGrinnell, LP is not a citizen of the State of New Jersey.  It is a limited partnership organized under the laws of the State of Delaware, with its principal place of business in Boca Raton, Florida.

9.    Tyco International Ltd. is not a citizen of the State of New Jersey.  It is a Bermuda corporation, and it registered and principal offices are located at The Gibbons Building, 10 Queen Street, Suite 301, Hamilton, Bermuda.

10.    Tyco International, (US), Inc. no longer exists as a corporate entity and, thus, its citizenship is irrelevant.  When it was a corporate entity, it was incorporated in the State of Nevada, with its principal place of business in New Jersey.  However, as explained in the paragraphs 11 and 12, its citizenship does not affect removal as it is not a proper defendant.

11.    Plaintiff asserts no allegations against defendants Tyco International Ltd. and Tyco International, (US), Inc., except that SimplexGrinnell is a subsidiary of one or both of these entities. As such, these entities are not proper defendants and have been fraudulently joined. *See Fulton v. Johnson & Johnson Pharmaceutical Research and Development, LLC*, 2008 WL 544668 (D.N.J. 2008) (*citing Marzano v. Computer Science Corp., Inc.*, 91 F.3d 497 (3d Cir. 1996) ("a parent corporation is not liable for its subsidiary's employment discrimination").

12.    Diversity jurisdiction normally requires the existence of complete diversity, *i.e.*, all defendants must have different citizenship from that of the plaintiff. *See City of Indianapolis v. Chase Nat'l Bank of New York*, 314 U.S. 63, 69-70 (1941). However, courts have long recognized the fraudulent joinder doctrine as an exception to the complete diversity requirement. Under this doctrine, if a court determines that non-diverse defendants have been fraudulently joined, their citizenship may be disregarded and the action may be removed. *See generally, Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1999). Joinder is deemed fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer*, 913 F.2d at 111. Here, there is no cognizable basis for having the Tyco entities listed as defendants, either on the face of the Complaint, or in fact.

13.    Thus, there is complete diversity for purposes of jurisdiction conferred by 28 U.S.C. § 1332(a).

## Amount in Controversy Exceeds $75,000

14.    The amount in controversy in this case exceeds the sum or value of $75,000.00, exclusive of interests and costs, as plaintiff is seeking, *inter alia*, (i) equitable damages, including

lost wages, benefits and interest, (ii) compensatory damages for alleged pain and suffering. *See Reiff v. Convergent Technologies*, 1995 WL 619944, *4 (D.N.J. 1995) (Court must consider plaintiff's claim for pain and suffering damages when determining whether the amount in controversy has been meet).

15.    Additionally, plaintiff's claim for punitive damages is a factor in calculating whether the amount in controversy exceeds $75,000. *See Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (*citing Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943)) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.")

16.    Moreover, plaintiff is seeking the recovery of attorney fees. *See Entrekin v. Fisher Scientific Inc.*, 146 F. Supp.2d 594 (D.N.J. 2001) (Attorneys' fees are included in the amount in controversy calculations when they are available under a statute).

## CONCLUSION

17.    Because there is complete diversity for purposes of jurisdiction conferred by 28 U.S.C. § 1332(a), and the matter in controversy for plaintiff exceeds the sum of $75,000.00, exclusive of interest and costs, plaintiff's state court action may be removed pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

18.    Defendants have not previously sought similar relief, and they all consent to removal.

19.    To date, Defendants have not filed a responsive pleading in plaintiff's state court action, and no other proceedings have transpired in that action.

20.    In accordance with 28 U.S.C. §1446(d), copies of this Notice of Removal have been served upon plaintiff and filed with the Clerk of the Superior Court of New Jersey and the Clerk of the Superior Court in Morris County, New Jersey.

**WHEREFORE**, Defendants respectfully request that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, Morris County to the United States District Court for the District of New Jersey.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Attorneys for Defendants


By: /s
    Jennifer Rygiel-Boyd

Date:    September 18, 2008

# EXHIBIT A

**BELL & HASSING**
150 Mineral Springs Drive
P.O. Box 220
Rockaway, NJ 07866
Phone #: (973) 442-7900
Attorney for Plaintiff, Edward McCarthy

|  |  |
|---|---|
| EDWARD McCARTHY,<br><br>Plaintiff,<br><br>v.<br><br>TYCO INTERNATIONAL, LTD.; TYCO INTERNATIONAL, (US) INC.; SIMPLEX GRINNELL, LP.; JOHN DOES 1-10 (fictitious names); and ABC CORPS 1-5 (fictitious entities), jointly and severally,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br>DOCKET NO.<br><br><br>CIVIL ACTION<br><br><br>VERIFIED COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS, and R. 4:5-1 CERTIFICATION. |

Plaintiff Edward McCarthy ("Mr. McCarthy"), residing 246 Drake Lane in Ledgewood, Morris County, New Jersey, says by way of Verified Complaint against Defendants, alleges as follows:

## PARTIES

1.    Plaintiff Edward McCarthy, who was at all relevant times herein an adult male, date of birth July 24, 1939, was hired by Simplex Grinnell, LP ("Simplex") in June of 1986, and was employed with them as a fire sprinkler inspector.

2.     Defendant Simplex maintains a corporate address located at 1 Town Center Road, Boca Raton, in the County of Palm Beach, Florida, and maintains an office at 200 Forge Way, Rockaway, in the County of Morris, New Jersey.

3.     Defendant Simplex is a subsidiary of Defendant Tyco International, Ltd. and/or Defendant Tyco International (US), Inc.

4.     Defendant Tyco International, Ltd. maintains international corporate headquarters at 90 Pitts Bay Road, Pembroke, Bermuda.

5.     Defendant Tyco International (US), Inc. maintains corporate headquarters at 9 Roszel Road, Princeton, New Jersey.

6.     At all relevant times herein, Defendant David Olson was employed in a managerial position with Defendant Simplex and controlled the terms and conditions of Plaintiff Mr. McCarthy's employment at the Defendant Simplex.

7.     At all relevant times herein, ABC Corps 1-5 are any corporations or companies which may be derivatively liable for any discrimination or other acts alleged herein.

8.     At all relevant times herein, John Does 1-5 were employees and/or agents of Defendant Simplex, and aided and abetted in any or all of the acts alleged herein.

9.     At all relevant times herein, John Does 6-10 were employees and/or agents of Defendants ACB Corps 1-5, and aided and abetted in any or all of the acts alleged herein.

10.     Defendants, at all relevant times, acted within the scope of their employment relative to Mr. McCarthy's employment.

11.     Alternatively, Defendants, at all relevant times, acted within their individual capacities relative to the employment of Mr. McCarthy.

## FACTS

12.    Mr. McCarthy began his employment as a Fire Sprinkler Inspector in June of 1986.

13    Mr. McCarthy's duties included inspecting fire sprinklers, climbing ladders and stairs, dismantling fire equipment, and testing alarm systems.

14.    Throughout Mr. McCarthy's employment, he always received positive yearly reviews. However, his final two reviews included a question regarding when he would retire.

15.    In recent years, other employees of Defendant Simplex would make derogatory comments to Mr. McCarthy regarding his age. At first Mr. McCarthy thought that these were innocent comments meant in a playful manner, but they progressively became more and more biting and mean. These comments were very frequently made in the presence of Defendant David Olson.

16.    Mr. McCarthy had suffered a work-related injury to his knee due to a fall. Employees of Defendant Simplex would make derogatory comments regarding Mr. McCarthy's knee and insinuating that due to his age and the fact that he had fallen once before, that he had a propensity for falling down.

17.    Mr. McCarthy had requested to be moved to another job that would reduce the strain on his injured knee. This request was not granted.

18.    In 2006, Mr. McCarthy was informed by management that he would no longer be receiving any pay raises as he had reached the top of his pay scale. Being unaware of any ceiling regarding pay, Mr. McCarthy requested to have this statement put in writing. This request was not granted.

19.    In 2007, Mr. McCarthy was the only person in his department that was denied a training trip to Oklahoma.

20.    In 2007, Mr. McCarthy was denied equipment (a computer), although other members of his department had been issued same.

21.    On or about May 21, 2007, Mr. McCarthy submitted a letter to David Olson in which he stated that he would be leaving the company due to the situations that have occurred and the problems that have arisen.

22.    The Defendants have subjected Plaintiff to unlawful discrimination on the basis of his age by denying him terms and conditions of employment based on his age.

23    The actions described hereinabove, all of which were performed wantonly and intentionally, constitute a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -42.

## FIRST COUNT

### (Age Discrimination- Violation of the New Jersey Law Against Discrimination)

24.    Plaintiff Mr. McCarthy incorporates the allegations set forth in paragraphs one through 23 as if fully set forth herein.

25.    Defendants have subjected Mr. McCarthy to unlawful discrimination on the basis of his age, by denying him terms and conditions of employment based upon his age, in violation of New Jersey's Law Against Discrimination, N.J.S.A. 10:5-1 to -42.

26.    The actions described hereinabove, all of which were performed wantonly and intentionally, constitute a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -42.

**WHEREFORE,** Plaintiff Mr. McCarthy demands judgment against Defendants, jointly and severally, assessing penalties and sanctions, and awarding him:

      (a)    Equitable damages, including but not limited to, lost wages, benefits and interest, denied him;

      (b)    Compensatory damages, including but not limited to, all damages for pain and suffering and other losses resulting from Defendants' unlawful actions;

      (c)    Prejudgment and postjudgment interest;

      (d)    Punitive damages for Defendants' extreme and outrageous conduct and willful and wanton disregard for Plaintiff's entitlement to a discriminatory free work environment;

      (e)    Costs of suit, including reasonable attorney's fees;

      (f)    Statutorily imposed damages;

      (g)    Any other such relief deemed by the Court to be equitable and just, as provided by law.

## SECOND COUNT

**(Disability Discrimination- Violation of the New Jersey Law Against Discrimination)**

27.    Plaintiff Mr. McCarthy incorporates the allegations set forth in paragraphs one through 26 as if fully set forth herein.

28.    Defendants have subjected Plaintiff Mr. McCarthy to unlawful discrimination on the basis of his disability, by denying him terms and conditions of employment based upon his disability.

29.    The actions described hereinabove, all of which were performed wantonly and intentionally, constitute a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -42.

### THIRD COUNT

#### (Aiding and Abetting Under the Law Against Discrimination)

30.    Plaintiff Mr. McCarthy incorporates the allegations set forth in paragraphs one through 29 as if fully set forth herein.

31.    Defendants, based upon the allegations set forth above, have aided, abetted, incited, compelled, and/or coerced the doing of acts, against Plaintiff, that are forbidden under the Law Against Discrimination, in violation of, among other thing, N.J.S.A. 10:5-12(e).

32.    The actions described hereinabove, all of which were performed wantonly and intentionally, constitute a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -42.

**WHEREFORE,** Plaintiff Mr. McCarthy demands judgment against Defendants, jointly and severally, assessing penalties and sanctions, and awarding him:

(a)    Equitable damages, including but not limited to, lost wages, benefits and interest, denied him;

(b)    Compensatory damages, including but not limited to, all damages for pain and suffering and other losses resulting from Defendants' unlawful actions;

(c)    Prejudgment and postjudgment interest;

(d)    Punitive damages for Defendants' extreme and outrageous conduct and willful and wanton disregard for Plaintiff's entitlement to a discriminatory free work environment;

(e)    Costs of suit, including reasonable attorney's fees;

(f)    Statutorily imposed damages;

(g)    Any other such relief deemed by the Court to be equitable and just, as

provided by law.


## FOURTH COUNT

### (Intentional Infliction of Emotional Distress)

33.    Plaintiff Mr. McCarthy incorporates the allegations set forth in paragraphs one

through 32 as if fully set forth herein.

34.    Defendants intentionally engaged in discriminatory conduct towards Mr.

McCarthy based upon his age thereby engaging in a concerted campaign to intentionally inflict

emotional distress upon Mr. McCarthy because of his membership in a protected age class.

35.    As a direct and proximate result, Mr. McCarthy has and will continue to suffer

permanent and irreparable psychological and financial injuries, losses and tribulations.

**WHEREFORE,** Plaintiff Mr. McCarthy demands judgment against Defendants, jointly

and severally, assessing penalties and sanctions, and awarding him:

(a)    Equitable damages, including but not limited to, lost wages, benefits and

interest, denied him;

(b)    Compensatory damages, including but not limited to, all damages for pain

and suffering and other losses resulting from Defendants' unlawful actions;

(c)    Prejudgment and postjudgment interest;

(d)    Punitive damages for Defendants' extreme and outrageous conduct and willful and wanton disregard for Plaintiff's entitlement to a discriminatory free work environment;

(e)    Costs of suit, including reasonable attorney's fees;

(f)    Statutorily imposed damages;

(g)    Any other such relief deemed by the Court to be equitable and just, as provided by law.

## FIFTH COUNT

### (Negligent Infliction of Emotional Distress)

36.    Plaintiff Mr. McCarthy incorporates the allegations set forth in paragraph one through 35 as if fully set forth herein.

37.    Defendants engaged in e discriminatory conduct towards Mr. McCarthy based upon his age which inevitably inflicted emotional distress upon Mr. McCarthy.

38.    As a direct and proximate result of this negligence, Mr. McCarthy has and will continue to suffer permanent and irreparable psychological and financial injuries, losses, and tribulations.

**WHEREFORE,** Plaintiff Mr. McCarthy demands judgment against Defendants, jointly and severally, assessing penalties and sanctions, and awarding him:

(a)    Equitable damages, including but not limited to, lost wages, benefits and interest, denied him;

(b)    Compensatory damages, including but not limited to, all damages for pain and suffering and other losses resulting from Defendants' unlawful actions;

(c)    Prejudgment and postjudgment interest;

8

(d)     Punitive damages for Defendants' extreme and outrageous conduct and willful and wanton disregard for Plaintiff's entitlement to a discriminatory free work environment;

(e)     Costs of suit, including reasonable attorney's fees;

(f)     Statutorily imposed damages;

(g)     Any other such relief deemed by the Court to be equitable and just, as provided by law.

## SIXTH COUNT

### (Vicarious/Derivative Liability)

39.     Plaintiff Mr. McCarthy incorporates the allegations set forth in paragraphs one through 38 as if fully set forth herein.

40.     Each and every act or omission alleged in this Complaint to have been committed or omitted by an individual, or a discrete group of individuals, was committed or omitted using the authority given to the person alleged to have committed or omitted the act by the required officers or other supervisors and persons with management authority vested upon them by virtue of their employment with Defendant Simplex.

41.     Defendant Simplex and its officers and employees had a duty to Plaintiff Mr. McCarthy to properly hire, supervise and monitor its employees to ensure that illegal behavior was not committed, condoned or permitted to continue, either negligently or intentionally.

42.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff Mr. McCarthy has and will continue to suffer permanent and irreparable, psychological and financial injuries, losses and tribulations.

9

**WHEREFORE,** Plaintiff Mr. McCarthy demands judgment against Defendants, jointly and severally, assessing penalties and sanctions, and awarding him:

(a)    Equitable damages, including but not limited to, lost wages, benefits and interest, denied him;

(b)    Compensatory damages, including but not limited to, all damages for pain and suffering and other losses resulting from Defendants' unlawful actions;

(c)    Prejudgment and postjudgment interest;

(d)    Punitive damages for Defendants' extreme and outrageous conduct and willful and wanton disregard for Plaintiff's entitlement to a discriminatory free work environment;

(e)    Costs of suit, including reasonable attorney's fees;

(f)    Statutorily imposed damages;

(g)    Any other such relief deemed by the Court to be equitable and just, as provided by law.

Bell & Hassing
**Attorneys for Plaintiff**

Kimberly A. Bacen, Esq.

**Dated:** August 1, 2008

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues.

10

**Bell & Hassing**
**Attorneys for Plaintiff**

Kimberly A. Bacen, Esq.

**Dated:** August 19, 2008

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Joseph J. Bell, Esq., as trial counsel.

**Bell & Hassing**
**Attorneys for Plaintiff**

Kimberly A. Bacen, Esq.

**Dated:** August 19, 2008

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number;

11

(b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; and (e) limits on litigation damages.

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that to the best of her knowledge and belief the matters delineated herein are not currently, and have not in the past, been litigated before any Court and that they are not the subject of any arbitration proceedings. In addition, the undersigned has no knowledge of any person or entity who should be joined in this matter.

Bell & Hassing
Attorneys for Plaintiff

Kimberly A. Bacon, Esq.

Dated: August 17, 2008

12

## CERTIFICATE OF SERVICE

I hereby certify that, on September 18, 2008, the following document:

### NOTICE OF REMOVAL

was filed with the Clerk of the Court in accordance with the Federal Rules of Civil Procedure,

and/or the District of New Jersey's Local Rules and/or the District of New Jersey's Rules on

Electronic Service.  The above listed document is available for viewing and downloading from

the ECF system.

I also served the above referenced document on plaintiff, by FedEx – overnight delivery,

sent to her attorneys of record at their last known address as follows:

Kimberly A. Bacen, Esq.
BELL & HASSING
150 Mineral Springs Drive
P.O. Box 220
Rockaway, New Jersey 07866
Attorneys for Plaintiff Edward McCarthy

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.


Dated: September 18, 2008                    By: s/ Jennifer Rygiel-Boyd